JOAN F. HOYE, Plaintiff-Appellee, *v.* THOMAS H. HOYE, Defendant-Appellant.

(No. 74-92;

Second District (2nd Division)—September 26, 1975.

Peregrine, Stime, Henninger & Newman, of Wheaton, for appellant.

John R. Mackay, of Wheaton, for appellee.

Mr. PRESIDING JUSTICE RECHENMACHER delivered the opinion of the court:

Defendant appeals from the trial court's order striking his amended petition for modification of alimony and child-support payments pursuant to the divorce decree, alleging a change of his circumstances. Plaintiff filed her motion to strike, based on defendant's failure to allege facts and circumstances different from those set forth in his petition filed 17 months earlier (on June 5, 1972). The trial court's order striking the petition was based upon that ground.

The parties were divorced in July, 1970, on plaintiff's complaint, after 17 years of marriage. At that time defendant was an executive with Jewel Companies earning $32,000 a year. The parties had four minor children. Pursuant to the terms of the separation agreement which was incorporated into the decree, the defendant was ordered, insofar as relevant here, to pay plaintiff $500 monthly as alimony for eight years (unless terminated by plaintiff's death or remarriage); $125 per month as child support for each child living with the plaintiff; to name plaintiff a beneficiary for a period of six years of one-half of the proceeds of $95,000 in two group life insurance policies, and to name irrevocably the minor children as beneficiaries of the other one-half of any such proceeds.

In June, 1972, defendant filed his petition for modification of the provisions of the divorce decree as to alimony, child support and life insurance, alleging as change in circumstances (1) the termination of his employment at Jewel Companies and his expectation of no earnings in excess of $700 per month for the present from an advertising agency business he was starting, and (2) plaintiff's ownership and operation of a beauty shop from which she derived income. Defendant requested suspension of alimony payments for six months, temporary reduction of child-support payments to $100 per month for each of the two minor children then living with the plaintiff and, in view of his ineligibility for group life insurance with Jewel, for vacation of the requirement to maintain such policies naming plaintiff and the minor children as beneficiaries. In March, 1973, the trial court entered an order finding that defendant's employment with Jewel was terminated, his salary therefrom terminated as of April 1, 1972, his Jewel group life insurance was therefore terminated and that defendant became uninsurable because of his present state of health; the court ordered that the $500 monthly alimony as provided in the divorce decree be continued and ordered defendant

to pay alimony arrearage of $5500 due through March, 1973, to be paid in 30 days, reduced child-support payments effective May 1, 1972, to $75 per month for each minor child living with the plaintiff, and ordered defendant to pay child-support arrearage aggregating $1650, less interim payments within 30 days; the court also suspended until further order defendant's obligation to maintain the group life insurance policies and permitted the defendant to claim one of the two minor children as an exemption on his Federal and State income tax returns.

In November, 1973, defendant filed another petition for modification which, as amended, asked for reduction of alimony payments from $500 to $50 per month, and termination of child-support payments to one of the children who had attained majority and was employed. The amended petition alleged that defendant is earning net take-home pay from his present employment of $874 per month and is required to expend $855 per month to maintain a bare minimum standard of living. The petition further alleges that plaintiff derives income from her ownership of a beauty shop, and that by reason of his reduced earning power and depletion of his assets he is unable to pay the sums ordered by the divorce decree. Further, that at the hearing in March, 1973, the court, in denying suspension of alimony payments "relied heavily upon" defendant's $30,000 in profit-sharing assets; that, in fact, the court's order of March, 1973, directing defendant to pay the arrearages, required defendant to withdraw and expend approximately $20,000 from that fund for the payment of such arrearages and to pay for medical and dental expenses, attorney fees, taxes, etc. The trial court's order striking defendant's amended petition on plaintiff's motion was expressly based on the court's finding that it "contains no facts or circumstances different from those set forth in" defendant's petition for modification filed in June, 1972.

The principal issue raised is whether the allegations of defendant's November, 1973, amended petition for modification differed substantially from those stated in his June, 1972, petition on which the trial court ruled in March, 1973. Our summarization of the allegations in both petitions of defendant makes it clear that there were significant changes in the facts and circumstances of the parties between the two dates. The most substantial change alleged in defendant's November, 1973, petition (as amended) is the reduction of his profit-sharing funds from $30,000 to $10,000 by reason of the payment of defendant's arrearages in alimony and child support. Moreover, it alleged, at the very least, the additional significant change in defendant's circumstances, namely that he required a minimum of $855 a month for mere sustenance on his present monthly net income of $874. Neither of these circumstances were

before the trial court in connection with the petition filed some 17 months earlier.[1] The order entered thereon in March, 1973, was not *res judicata* as to other matters alleged in the later, amended petition. There being changes alleged in the circumstances of the parties and in defendant's ability to make the payments ordered by the court, the trial court erred in striking defendant's amended petition filed in November, 1973. Instead the trial court should have allowed the plaintiff to answer and should have conducted a hearing for the purpose of ascertaining the resources of both parties and defendant's ability to continue payments of $500 per month for alimony and $75 per month for child support based upon his income.

Our holding makes it unnecessary to consider another issue raised by defendants as to whether the trial court failed to consider the merits of defendant's amended petition because of possible misinterpretation of defendant's allegation therein as to his absence from the courtroom at the hearing on plaintiff's motion, and whether the trial court may have considered therefrom that its integrity was being impugned.

For the reasons set forth in this opinion the cause is reversed and remanded for further proceedings not inconsistent with this opinion, and to obviate any question, in view of defendant's concern as to possible prejudice, this cause should be reassigned to another judge.

Reversed and remanded with directions.

T. MORAN and DIXON, JJ., concur.

---

[1] It should be noted that from a statement of plaintiff's counsel at the hearing on plaintiff's motion to strike, the defendant remarried subsequent to the divorce.